UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

Order Filed on October 29, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Caption in Compliance with D.N.J. LBR 9004-2(c)

The Law Offices of S. Daniel Hutchison
135 North Broad Street
Woodbury, NJ 08096
(856) 251-1235

S. Daniel Hutchison, Esquire
Attorney for Debtor

| | |
|---|---|
| In Re: | Case No:    21-16453 |
| Brian S. Perkins | Hearing Date:    10/13/21 |
| | Judge:    MBK |

**CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION OF PLAN**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby ORDERED.

**DATED: October 29, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**THIS MATTER** having come before the Court by Jonathan Schwalb, Esquire, of Friedman Vartolo LLP, attorneys for Rushmore Loan Management Services LLC ("Creditor"), by the filing of the Objection to Confirmation of Debtor's Chapter 13 Plan, and the Debtor, Brian S. Perkins ("Debtor"), being represented by S. Daniel Hutchison, Esq.; and the parties having come to a resolution and for good cause shown:

It is on this ____ day of _____, 2021, ORDERED as follows:

1. The Trustee is authorized to pay the $72,962.82 secured pre-petition arrearage claim (Claim No. 2 – Filed with the Court on 09/15/21) while the Debtor is completing the loan modification process. Should the Debtor be offered a permanent loan modification, the loan modification must be completed and approved no later than November 25, 2021 or other date as allowed by the Court.

2. If the loan modification is approved, the Debtor shall file a modified Chapter 13 Plan, together with an amended Schedule J reflecting Debtor's post loan modification budget, within thirty (30) days of the approval of the final loan modification agreement.

3. If the loan modification is not approved by November 25, 2021 or other date as allowed by the Court, then the Debtor shall do one of the following within fourteen (14) days of the expiration: (1) file a modified Chapter 13 Plan to cure the arrearage claim; (2) file a modified Chapter 13 Plan to surrender the property subject to this claim; (3) file a Notice to Convert to Chapter 7; or (4) file a Notice to Dismiss Case.

4. The Parties agree that consent to entry of the within order does not waive the Debtor's right to object to the Creditor's Proof of Claim pursuant to D.N.J. Local

Bankruptcy Rule 3007-1(b).  In the event that an objection is filed, the Debtor agrees to amend his Chapter 13 Plan to be consistent with the resolution of the Claim Objection.

5. This Order shall be incorporated in and become a part of any Order Confirming Plan in the herein matter.

The undersigned hereby consent to the form,
Content and entry of the within Order:

/s/S. Daniel Hutchison
S. Daniel Hutchison, Esq.
Attorney for Debtor
Date: 10/20/21

/s/Jonathan Schwalb
Jonathan Schwalb, Esq.
Attorney for Creditor
Date: 10/20/21